IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> OM SHIVA ENTERPRISE, INC. d/b/a MONACA SUNOCO, DURLABHJU UKANI, and BHARTIBEN UKANI <br><br> Defendants. | Civil Action No. 2:21-cv-1578 |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants Om Shiva Enterprise, Inc., doing business as Monaca Sunoco, Durlabhju Ukani, and Bhartiben Ukani (hereinafter collectively referred to as "Defendants,"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (hereinafter referred to as the "FLSA" or the "Act"), 29 U.S.C. § 201, *et seq.*, and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Om Shiva Enterprise, doing business as Monaca Sunoco, is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, having

its registered office at 1479 Old Broadhead, Rd., Monaca, PA. Defendant Om Shiva Enterprise operates several gas stations and convenience stores within the jurisdiction of this court, including in Monaca, PA; Beaver Falls, PA; Pittsburgh, PA; Finleyville, PA; New Stanton, PA, Millvale, PA; Duquesne, PA; Freedom, PA; Cranberry Township, PA; Washington, PA; and Charleroi, PA.

3. Defendant Durlabhju Ukani is president, treasurer, co-owner, and manager of Monaca Sunoco and resides in Belle Vernon, PA, which is within the jurisdiction of this Court. Durlabhju Ukani has directed employment practices and has acted directly or indirectly in the interest of Monaca Sunoco in relation to its employees at all times relevant herein. Defendant Durlabhju Ukani regulated the employment of persons employed by Monaca Sunoco, acted directly and indirectly in company's interest in relation to the employees, and was an employer of said employees within the meaning of Section 3(d) of the Act.

4. Defendant Bhartiben Ukani is vice-president, secretary and co-owner of Monaca Sunoco and resides in Belle Vernon, PA, which is within the jurisdiction of this Court. Bhartiben Ukani has acted directly or indirectly in the interest of Monaca Sunoco in relation to its employees at all times relevant herein. Defendant Bhartiben Ukani regulated the employment of persons employed by Monaca Sunoco, and was an employer of said employees within the meaning of Section 3(d) of the Act.

5. Defendants' business activities, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods

for commerce, including employees handling, selling, or otherwise working on products, goods or materials that have been moved in or produced for commerce, such as beverages and snacks shipped from outside the Commonwealth of Pennsylvania. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay their employees in an enterprise engaged in commerce or in the production of goods for commerce the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages under Section 17 of the Act.

8. For example, during the time period from at least workweek ending November 18, 2018, through at least April 25, 2021, Defendants failed to pay one of their employees any wages whatsoever.

9. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, said Defendants are liable for the payment of unpaid overtime compensation under Section 17 of the Act.

10. For example, during the time period from at least workweek ending June 17, 2018, through at least April 25, 2021, Defendants failed to pay two of their employees overtime premium of one and one half times the regular rate for hours worked in excess of 40 hours in a workweeks. The employees regularly worked between 70 and 112 hours a week yet Defendants failed to compensate their employees for overtime hours.

11. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to maintain any records of hours worked for one of the employees from November 2018 to April 2021. Additionally, Defendants' time records did not have daily or weekly total hours worked as required by the regulations.

12. Defendants were aware that their employee was performing work for them at their establishment yet Defendants recklessly disregarded their requirement to pay their employee for work performed and failed to pay such employee for any hours worked from at least November 2018 to April 2021.

13. Additionally, the Wage and Hour Division investigated Defendants three prior times – in 2011, in 2016, and 2020 – and during each investigation Wage and Hour Division informed Defendants of the FLSA's requirements. During the 2011 investigation, Wage and Hour Division informed Defendant that their failure to maintain hours worked for all employees was an FLSA recordkeeping violation. During the 2016 investigation, Wage and Hour Division informed Defendant that paying straight time for overtime hours worked was an FLSA overtime violation. Despite their prior investigations, Defendants recklessly disregarded the overtime and recordkeeping requirements of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least June 17, 2018 through at least April 25, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 25, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees;

(4) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    For the Secretary:

    Seema Nanda
    Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By: */s/ Bertha M. Astorga*
Bertha M. Astorga
Trial Attorney
PA ID # 320644
215-861-5126
Astorga.Bertha.M@dol.gov

Ethan M. Dennis
Trial Attorney
PA ID# 308871
215-861-5142
Dennis.Ethan.M@dol.gov

U.S. Department of Labor
Office of the Solicitor, Region III
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968